# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * *   *
ANNIE BROWN,                            *
                                        *      No. 17-253V
                      Petitioner,       *      Special Master Christian J. Moran
                                        *
v.                                      *      Filed: September 6, 2018
                                        *
SECRETARY OF HEALTH                     *      Attorneys' Fees and Costs
AND HUMAN SERVICES,                     *
                                        *
                      Respondent.       *
* * * * * * * * * * * * * * * * * * *   *
```

Milton C. Ragsdale, IV, Ragsdale LLC, Birmingham, AL, for Petitioner;
Daniel A. Principato, U.S. Department of Justice, Washington, DC, for
Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEY'S FEES AND COSTS[1]

Annie Brown brought a successful petition for compensation under the
National Childhood Vaccine Compensation Program. She now sees an award for
attorneys' fees and costs. She is awarded $29,884.38.

\* \* \*

Represented by Mr. Milton Clay Ragsdale, IV, Ms. Brown filed her petition
for compensation on February 22, 2017. Ms. Brown alleged that the influenza
("flu") vaccine she received on January 6, 2016, which is contained in the Vaccine

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal
Management and Promotion of Electronic Government Services), requires that the
Court post this decision on its website.  Pursuant to Vaccine Rule 18(b), the parties
have 14 days to file a motion proposing redaction of medical information or other
information described in 42 U.S.C. § 300aa-12(d)(4).  Any redactions ordered by
the special master will appear in the document posted on the website.

Injury Table, 42 C.F.R. § 100.3(a), caused her to suffer Guillain-Barré syndrome. The parties were able to informally resolve the case, agreeing to a joint stipulation on award of compensation that was then adopted. <u>Decision</u>, issued June 8, 2018.

On August 2, 2018, petitioner moved, unopposed, for reimbursement of attorneys' fees and costs, requesting a total of $29,923.38 (representing $28,433.00 in attorneys' fees and $1,490.38 in attorneys' costs). Unopposed Application for Final Attorneys' Fees and Costs ("Fees App.") at 1, 3. Pursuant to General Order No. 9, petitioner warrants that she did not personally incur any costs in pursuit of this litigation. <u>Id.</u> at 3. Petitioner also warranted that she provided this fees application to Respondent prior to filing, and that Respondent did not object to the overall amount sought, also noting that "Respondent's lack of objection to the amount sought in this case should not be construed as admission, concession, or waiver as to the hourly rates requested, the number of hours billed, or the other litigation related costs." <u>Id.</u>

This matter is now ripe for adjudication.

\*       \*       \*

Because Ms. Brown received compensation, she is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e). Thus, the question at bar is whether Ms. Brown's requested amount is reasonable.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. <u>Avera v. Sec'y of Health & Human Servs.</u>, 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" <u>Id.</u> at 1347-48 (quoting <u>Blum v. Stenson</u>, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. <u>Id.</u> at 1348.

A.     <u>Reasonable Hourly Rates for Ragsdale LLC Attorneys</u>

Ms. Brown requests the following rates for her attorney, Mr. Ragsdale: $400 per hour for work performed in 2017; $410 per hour for work performed January – March 2018; and $420 per hour for work performed after March 31, 2018. Fees App. Ex. 1 at 3. For co-counsel, Ms. Allison Riley, petitioner requests the following rates of compensation; $250 per hour for work performed in 2016, $270 for work performed in 2017, and $290 for work performed in 2018. <u>Id.</u> Petitioner

also requests that a paralegal, Ms. Amy Johnson, be compensated at $135 per hour for work performed in 2016 and 2017, and at $150 per hour for work performed in 2018. Id. at 4.

Although this is the first time that the undersigned has had the opportunity to consider the rates for Ragsdale LLC attorneys, other special masters have held that they are entitled to forum rates. This was first established in Greer v. Sec'y of Health & Human Servs., in which Special Master Corcoran performed a detailed analysis concerning the difference between Washington, DC forum rates and the local rates of Birmingham, AL, where Ragsdale LLC is located. Greer v. Sec'y of Health & Human Servs., No. 16-1345V, 2018 1125695, at *4-5 (Fed. Cl. Spec. Mstr. Jan. 17, 2018). Since that time, other special masters have followed Greer and awarded Ragsdale LLC attorneys forum rates as well. See Coiro-Lorusso v. Sec'y of Health & Human Servs., No. 04-258V, 2018 WL 2770824 (Fed. Cl. Spec. Mstr. May 1, 2018). Accordingly, the undersigned finds that petitioner's counsel is entitled to forum rates.

The undersigned will, however, make one adjustment to Mr. Ragsdale's 2018 rate. It appears that Mr. Ragsdale has billed for work performed in 2018 at two different rates: $410 per hour for work performed prior to April 1, 2018, and $420 per hour for work performed thereafter. Fees App. at 2. Although he has submitted an affidavit supporting the requested rates, Mr. Ragsdale has failed to elucidate why he should be compensated at different rates for work performed within the same year. Because petitioner has failed to substantiate why an inter-year increase is appropriate for Mr. Ragsdale, and because he has previously billed at and been awarded $410 per hour for work performed in 2018, the undersigned finds that Mr. Ragsdale must be compensated for all work performed in 2018 at that rate. This is consistent with what Mr. Ragsdale has previously been awarded for work performed in 2018. See Robinson v. Sec'y of Health & Human Servs., No. 15-1352V, slip op. at 2 (Fed. Cl. Spec. Mstr. May 29, 2018); Brown v. Sec'y of Health & Human Servs., No. 17-0146V, slip op. at 2 (Fed. Cl. Spec. Mstr. Apr. 25, 2018).

The billing record indicates that Mr. Ragsdale billed 1.7 hours at the higher rate, and also 4.4 travel hours at half of the higher rate. Fees App. at 2. Accordingly, the undersigned will compensate Mr. Ragsdale at $410 per hour for the 1.7 hours billed, and at $205 per hour for the 4.4 hours of travel time. This results in an overall reduction of $39.00.

The paralegal rates requested have previously been found reasonable and are in line with forum rates for paralegals in each respective year. Accordingly, no adjustment to the requested paralegal rates is required.

B.     Reasonable Number of Hours for Ragsdale LLC

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See Shea v. Sec'y of Health & Human Servs., No. 13-737V, 2015 WL 9594109, at *2 (Fed. Cl. Spec. Mstr. Dec. 10, 2015) ("special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination . . . and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies").

To facilitate the process of evaluating the reasonableness of an attorney's activities, in November 2004, the Office of Special Masters issued revised Guidelines for attorneys. The Guidelines state "counsel are advised to maintain detailed contemporaneous records of time and funds expended under the Program." Office of Special Masters, Guidelines for Practice under the National Vaccine Injury Compensation Program (Rev. Nov. 2004) at § XIV. Detailed (or stated another way, non-vague) contemporaneous records are the petitioner's responsibility and allow the Office of Special Masters to determine the reasonableness of attorneys' fees requests. See Avgoustis v. Shinseki, 639 F.3d 1340, 1344-45 (Fed. Cir. 2011) (stating that requiring entries which permit effective review of the fees is in accord with cases from the Federal Circuit and the Supreme Court).

Upon review of the submitted billing statement, the undersigned finds the hours billed (139.3) to be reasonable. Although the petition was filed on February 22, 2017, the billing records indicate that work for this case began on August 8, 2016. It appears that counsel's work prior to filing the petitioner was well spent, as petitioner was able to file a substantial amount of medical records shortly after filing the petition, and the matter quickly progressed to settlement discussions which were ultimately fruitful for petitioner. Respondent has not identified any

4

particular entry as objectionable and the undersigned's review of the billing record also did not uncover any objectionable entries.

Accordingly, petitioner is entitled to compensation for attorneys' fees in the amount of $28,394.00.

C.     Costs Incurred by Ragsdale LLC

The fees application also asks for reimbursement in the amount of $1,490.38 in for costs incurred by Ragsdale LLC. Fees App. at 3. These costs are routine expenses, such as medical records, mailing costs, and travel expenses to drive to petitioner for meetings and to execute affidavits. Id. Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).

Upon review, the undersigned finds these requested costs to all be reasonable. Petitioner has provided adequate documentation for the requested costs, and respondent has not identified any as unreasonable. According, the full amount of costs requested shall be awarded, $1,490.38.

D.     Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$29,884.38** (representing $28,394.00 in attorneys' fees and $1,490.38 in costs) as a lump sum in the form of a check jointly payable to petitioner and her counsel, Mr. Milton Clay Ragsdale, Esq. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[2]

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.